UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____
                                                            )
DEUTSCHE BANK NATIONAL           )
TRUST COMPANY, AS TRUSTEE       )
FOR FFMLT TRUST 2005-FF2,            )
MORTGAGE PASS-THROUGH          )
CERTIFICATES, SERIES 2005-FF2    )
    Plaintiff                                           )
                                                            )
v.                                                         )        DOCKET NO. 1:15-cv-304
                                                            )
JENNIFER L. PIKE,                               )
    Defendant.                                     )
_____)

## COMPLAINT FOR DECLARATORY JUDGMENT

### I. Introduction

1. This is an action pursuant to 28 U.S.C. § 2201, brought by Deutsche Bank National Trust Company, as Trustee for FFMLT Trust 2005-FF2, Mortgage Pass-Through Certificates, Series 2005-FF2 ("Deutsche Bank") against Jennifer L. Pike ("Pike" or "Defendant") seeking a declaratory judgment that Deutsche Bank's security interest in the real estate located at 34 Dogwood Lane, New London, New Hampshire (the "Property") is not subject to a homestead interest of Pike or, alternatively, that such homestead interest is inapplicable to the amount paid to discharge a prior mortgage on the Property.

### II. The Parties

2. Deutsche Bank is a national banking association organized under the laws of the United States of America. Deutsche Bank's main office and principal place of business is located at 300 South Grand Avenue, Los Angeles, California and the principal site of its trust administration is located at 1761 East St. Andrew Place, Santa Ana, California.

    3.      Pike is an individual residing at 34 Dogwood Lane, New London, New Hampshire.

### III. Jurisdiction and Venue

    4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

    5.      Venue in the District of New Hampshire is proper pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the events giving rise to the claim occurred in New Hampshire and the real property involved is situated in New Hampshire.

### IV. Facts

    6.      On August 15, 2001 Margaret H. Jenkins deeded the Property to William T. Pike, Jr. by deed recorded in the Merrimack County Registry of Deeds on August 16, 2001 in Book 2288 at page 1066.  A copy of this deed is attached hereto and incorporated herein as Exhibit A.

    7.      On December 11, 2003, William T. Pike Jr. and his wife, Defendant Jennifer L. Pike, granted a mortgage to New Century Mortgage Corporation secured by the Property to secure a loan of $225,000.00, which mortgage was recorded in the Merrimack County Registry of Deeds on December 17, 2003 in Book 2607 at pages 563-578 (the "First Mortgage").  A copy of the First Mortgage is attached hereto and incorporated herein as Exhibit B.

    8.      In Paragraph 24 of the First Mortgage, William T. Pike, Jr. and Jennifer L. Pike expressly released all rights of homestead in the Property.

    9.      On November 23, 2004, William T. Pike, Jr. granted a mortgage secured by the Property to First Franklin Financial Corporation to secure a loan of $269,000.00, which mortgage was recorded in the Merrimack County Registry of Deeds on December 3, 2004 in Book 2727 at Pages 1653-1671 (the "Second Mortgage").  A copy of the Second Mortgage is attached hereto and incorporated herein as Exhibit C.

10.     The proceeds of the loan secured by the Second Mortgage were used, in part, to pay the outstanding balance of $233,403.87 on the loan secured by the First Mortgage.

11.     The First Mortgage was discharged on January 25, 2005 by a Discharge of Mortgage recorded in the Merrimack County Registry of Deeds on February 18, 2005 in Book 2750 at Pages 175-177.  A copy of this discharge is attached hereto and incorporated herein as Exhibit D.

12.     William T. Pike, Jr. transferred the Property to the Pike Family Trust dated April 12, 2005, William T. Pike, Jr. and Jennifer L. Pike, Trustees by deed dated September 15, 2005 and recorded in the Merrimack County Registry of Deeds on September 22, 2005 in Book 2823 at Pages 1118-1119.  A copy of the deed to the Pike Family Trust dated April 12, 2005 is attached hereto and incorporated herein as Exhibit E.

13.     William T. Pike, Jr. and Jennifer L. Pike, as Trustees of the Pike Family Trust dated April 12, 2005 conveyed the Property to Jennifer L. Pike by deed dated November 27, 2006 and recorded in the Merrimack County Registry of Deeds on November 30, 2006 in Book 2947 at Pages 1459-1461.  A copy of the deed from the Trust to Pike is attached hereto and incorporated herein as Exhibit F.

14.     Jennifer L. Pike transferred the Property to William T. Pike, Jr. by deed dated February 6, 2007 and recorded in the Merrimack County Registry of Deeds on February 9, 2007 in Book 2964 at Pages 1228-1229.  A copy of the Deed from Jennifer L. Pike to William T. Pike, Jr.  is attached hereto and incorporated herein as Exhibit G.

15.     On February 6, 2007 William T. Pike, Jr. filed a Voluntary Petition in Bankruptcy under Chapter 13.

16. On February 5, 2008 William T. Pike, Jr.'s Petition under Chapter 13 was converted to Chapter 7.

17. The Second Mortgage was assigned to Plaintiff, Deutsche Bank, by assignment dated May 26, 2009 and recorded in the Merrimack County Registry of Deeds on June 9, 2009 in Book 3135 at Pages 391-392 (the "Assignment").  A copy of the Assignment is attached hereto and incorporated herein as Exhibit H.

18. A corrective assignment was executed on April 15, 2013 to correct the name of the assignee and was recorded in the Merrimack County Registry of Deeds on June 20, 2013 in Book 3393 at Pages 926-927.  A copy of the corrective assignment is attached hereto and incorporated herein as Exhibit I.

19. Deutsche Bank executed an affidavit on June 25, 2015 and recorded it with the Merrimack County Registry of Deeds on July 15, 2015 in Book 3484, Page 2003, for the purpose of clarifying the exact name of the holder of the Second Mortgage.  A copy of the Affidavit is attached hereto and incorporated herein as Exhibit J.

20. On or about July 3, 2013 Jennifer Pike and William Pike were divorced.  A copy of the Final Decree is attached hereto and incorporated herein as Exhibit K.

21. Per the terms of the Final Decree, William T. Pike, Jr. transferred the Property to Jennifer L. Pike by deed dated July 26, 2013 and recorded in the Merrimack County Registry of Deeds on August 8, 2013 in Book 3403 at Pages 1925-1926.  A copy of the Quitclaim Deed is attached hereto and incorporated herein as Exhibit L.

22. On July 11, 2013 Deutsche Bank commenced foreclosure proceedings pursuant to RSA 479:25.

23. While the foreclosure sale was originally scheduled for August 12, 2013 it was postponed to October 11, 2013 and thereafter to December 13, 2013.

24. On December 12, 2013, Pike filed a Verified Ex-Parte Complaint to Enjoin Foreclosure Sale against Deutsche Bank in Merrimack County Superior Court.

25. By Order of the Superior Court, the foreclosure sale was enjoined.

26. Deutsche Bank moved for Summary Judgment, which motion was granted on August 14, 2014. A copy of the Superior Court Order granting Summary Judgment is attached hereto and incorporated herein as Exhibit M.

### COUNT I: DECLARATORY JUDGMENT
*(Deutsche Bank's Mortgage is not Subject to a Homestead Interest by Pike)*

27. Jennifer L. Pike released her homestead exemption by the February 6, 2007 transfer of the Property to William T. Pike, Jr.

28. Jennifer L. Pike's homestead exemption was extinguished by the Final Decree of Divorce dated July 3, 2013 when the Property was still owned solely by William T. Pike, Jr.

29. Jennifer L. Pike waived or subordinated her homestead exemption with respect to the Second Mortgage pursuant to the terms of Paragraph 14(B) of the Final Decree of Divorce.

### COUNT II: DECLARATORY JUDGMENT
*(Deutsche Bank is Entitled to Equitable Subrogation as to the
Amount it Paid on the Prior Mortgage)*

30. Deutsche Bank did not pay the outstanding balance of the First Mortgage as a volunteer.

31. Deutsche Bank was not primarily liable for the debt secured for the First Mortgage.

32. Deutsche Bank paid the outstanding balance on the debt secured by the First Mortgage and obtained a discharge of the First Mortgage.

33. Jennifer L. Pike received a substantial benefit from Plaintiff's payment of the debt secured by the First Mortgage.

34. Subrogation will not work any injustice to the rights of others.

WHEREFORE, Deutsche Bank respectfully requests that the Court enter a judgment pursuant to 28 U.S.C. § 2201 declaring that Pike's homestead right with respect to the Property located at 34 Dogwood Lane, New London, New Hampshire is subordinate or junior to the Second Mortgage and that Deutsche Bank may foreclose upon the Property and evict the Defendant therefrom. In the alternative, Deutsche Bank seeks a judgment declaring that it is entitled to equitable subrogation as to the amount it paid to discharge the prior mortgage and that Pike's homestead interest shall not apply to such amount.

Respectfully submitted,

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE
FOR FFMLT TRUST 2005-FF2, MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2005-FF2

By its attorneys,

SHECHTMAN HALPERIN SAVAGE, LLP

July 31, 2015            /s/ Michael P. Robinson_____
                         Michael P. Robinson
                         1080 Main Street
                         Pawtucket, Rhode Island 02860
                         401-272-1400
                         mrobinson@shslawfirm.com