```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

Deutsche Bank National
Trust Co., as Trustee
for FFMLT Trust 2005-FF2,
Mortgage Pass-Through
Certificates, Series 2005-FF2

   v.                                  Civil No. 15-cv-304-JD
                                       Opinion No. 2015 DNH 196

Jennifer L. Pike

O R D E R

Deutsche Bank is seeking a declaratory judgment that Jennifer L. Pike is not entitled to a homestead exemption for certain property on which Deutsche Bank holds the mortgage or, alternatively, that she is subject to equitable subrogation of her waiver of the homestead exemption in the first mortgage on the property.  Pike moves to dismiss the case, arguing that jurisdiction is lacking and that Deutsche Bank has not stated an actionable claim for possession of the property because it failed to plead its compliance with RSA chapter 540.  Deutsche Bank objects to the motion.

Background

Pike moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  When considering a motion to

dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court considers the facts alleged in the complaint but may also consider "whatever evidence has been submitted, such as depositions and exhibits." Carroll v. United States, 661 F.3d 87, 94 (1st Cir. 2011) (internal quotation marks omitted).  The scope of a motion under Rule 12(b)(6) is narrower.  Generally, the court is limited to the facts alleged in the complaint, except that the court may consider documents referred to or incorporated into the complaint and certain other documents when their authenticity is not disputed.  Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993).

   Pike states that for purposes of her motion to dismiss she accepts as true all of the facts stated in Deutsche Bank's complaint.  Pike does not challenge any of the fifteen exhibits Deutsche Bank filed with the complaint.  Therefore, the background information is summarized from the complaint, and to the extent necessary, from the exhibits submitted with the complaint.

   The property in question in this case is located at 34 Dogwood Lane, New London, New Hampshire.  Jennifer Pike was married to William Pike when Margaret H. Jenkins deeded the property to William in 2001.  In December of 2003, Jennifer and William granted a mortgage on the property to New Century

Mortgage Corporation as security for a loan of $225,000, which is referred to as the First Mortgage. Jennifer and William released all rights of homestead as part of the First Mortgage.

In November of 2004, William obtained a loan in the amount of $269,000, secured by a mortgage on the property, from First Franklin Financial Corporation. That transaction is referred to as the Second Mortgage. The loan for the Second Mortgage was used in part to pay off the First Mortgage, which was discharged on January 25, 2005.

William deeded the property to the Pike Family Trust in April of 2005. William and Jennifer, as trustees of the Pike Family Trust, deeded the property to Jennifer in November of 2006. Jennifer then deeded the property to William on February 6, 2007.

William filed a voluntary petition in bankruptcy under Chapter 13 on February 6, 2007. A year later, the bankruptcy proceeding was converted to Chapter 7.

The Second Mortgage was assigned to Deutsche Bank in May of 2009. Additional filings were made at the Merrimack County Registry of Deeds to clarify the name of the holder of the Second Mortgage.

William and Jennifer were divorced on July 3, 2013. Deutsche Bank began foreclosure proceedings on the property on

July 11, 2013. As required by the divorce decree, William transferred the property to Jennifer on July 26, 2013. The foreclosure sale was postponed from August 12, 2013, to October 11, 2013, to December 13, 2013.

Jennifer filed a petition in state court to enjoin the December 13, 2013, foreclosure sale, and the Superior Court issued an injunction. Deutsche Bank moved for summary judgment to remove the injunction, which was granted on August 14, 2014. Jennifer appealed, and the New Hampshire Supreme Court affirmed. Pike v. Deutsche Bank Nat'l Tr. Co., as Trustee, --- A.3d ---, 2015 WL 4266759 (N.H. Sup. Ct. May 13, 2015).

In that decision, the New Hampshire Supreme Court ruled that Pike's assertion of a homestead exemption did not support an injunction against foreclosure. The court agreed with the Superior Court that Pike could assert a homestead exemption, pursuant to RSA 480:8-a, even if a foreclosure occurred, with the result that she could not show that she would be in immediate danger of irreparable harm if the foreclosure were to proceed. The court also noted that a foreclosure would not automatically cause her removal from the property.

Although the injunction was lifted, Deutsche Bank did not begin foreclosure proceedings. Instead, Deutsche Bank filed suit here. In the complaint, Deutsche Bank is seeking a

4

declaratory judgment that its security interest in the property is not subject to a homestead exemption claimed by Pike, or alternatively, that it is entitled to equitable subrogation so that any homestead exemption does not apply to the amount paid to discharge the First Mortgage.  Deutsche Bank further seeks a judgment that it may foreclose on the property and evict Pike.

## Discussion

Pike moves to dismiss the declaratory judgment action on the ground that the court lacks jurisdiction because Deutsche Bank does not have standing to seek a declaratory judgment on the issue of her homestead exemption or the issue is not ripe. Pike also contends that this court lacks jurisdiction to evict her from the property, which would require a possessory action that cannot be heard in federal court.  Further, Pike asserts that Deutsche Bank failed to state a claim for a possessory action to evict her under RSA chapter 540.

In response, Deutsche Bank argues that the issue of Pike's right to a homestead exemption and whether equitable subrogation would extinguish the exemption are justiciable controversies. Deutsche Bank states that it has not brought a possessory action or sought a writ of possession but instead is seeking only "that the Court determine the viability of Pike's claimed homestead exemption and its entitlement to equitable subrogation."  Obj.

at 10.  Based on Deutsche Bank's representation in its objection, Deutsche Bank has abandoned that part of the declaratory judgment action which seeks a judgment that it may foreclose and that it may "evict the Defendant" from the property.

Therefore, as narrowed through Deutsche Bank's objection to the motion to dismiss, the two issues presented in the declaratory judgment action are whether Pike has a right to a homestead exemption and, alternatively, whether Deutsche Bank is entitled to equitable subrogation of the release of the homestead exemption in the First Mortgage.  Pike's motion challenges the court's jurisdiction to hear those claims.

A.  Standard

In considering a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), the court "construes the Complaint liberally and treat[s] all well-pleaded facts as true, according the plaintiff[] the benefit of all reasonable inferences."  Town of Barnstable v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015) (internal quotation marks omitted).  The plaintiff who invokes the court's jurisdiction bears the burden of showing that it exists.  Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996).

B.  Case or Controversy

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction," a federal court "may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201. "[A] case of actual controversy" under the Act is the same as a case or controversy that is justiciable under Article III of the United States Constitution. MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126 (2007). To satisfy the Article III case-or-controversy requirement, "the dispute [must] be definite and concrete, touching the legal relations of the parties having adverse legal interests, and [must] be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Id. at 127.

Standing focuses on the plaintiff's relationship to the dispute and requires the plaintiff to show "(1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2341 (2014). Ripeness, another aspect of the case or controversy analysis, depends on whether the issues are fit for judicial decision and what

hardship will ensue if the dispute is not resolved. Roman Catholic Bishop of Springfield v. City of Springfield, 724 F.3d 78, 89 (1st Cir. 2013).

The parties have not addressed this plethora of standards in any detail.  Rather than challenging Deutsche Bank's standing to bring its claims, Pike appears to argue that no case or controversy exits as to the issue of her homestead exemption because Deutsche Bank has not begun foreclosure proceedings or a possessory action, and therefore, she has not asserted a homestead exemption.  Deutsche Bank contends the parties' litigation in state court demonstrates that a live controversy about Pike's homestead exemption exists and is justiciable.

Under New Hampshire law, "[e]very person is entitled to $100,000 worth of his or her homestead, or of his or her interest therein, as a homestead." RSA 480:1.  Pike asserted the homestead exemption and successfully enjoined the previous foreclosure proceeding, until summary judgment was affirmed in Deutsche Bank's favor.  Although the New Hampshire Supreme Court held that Pike's claim of a homestead exemption was premature because it could be raised even after foreclosure, that ruling does not preclude jurisdiction here.  See Verizon New England, Inc. v. Int'l Bhd. of Elec. Workers, Local No. 2322, 651 F.3d 176, 189-90 (1st Cir. 2011) (holding that denial of an

injunction does not preclude a declaration of disputed rights when the court is asked to determine the legal significance of past events).

Deutsche Bank's claims for declaratory judgment are not contingent on facts that might be developed in the course of a future foreclosure proceeding or a possessory action.  Instead, Deutsche Bank relies on existing documents and past events to allege that Pike is not entitled to a homestead exemption. Specifically, Deutsche Bank alleges that Pike released her homestead exemption by transferring the property to William in February of 2007, that the exemption was extinguished by the divorce decree in July of 2013 while the property was owned by William, and that Pike waived or subordinated her exemption under the terms of the divorce decree.  Alternatively, Deutsche Bank claims that it is entitled, by equitable subrogation, to the protection of the homestead exemption waiver in the First Mortgage.  As such, the claims are real and substantial, not hypothetical.  See MedImmune, 549 U.S. at 127.

Further, Deutsche Bank argues that a declaratory judgment on the issue of the homestead exemption addresses its risk of loss in a foreclosure action.  In particular, a judgment denying the claims would allow Deutsche Bank to avoid the expense of a

injunction does not preclude a declaration of disputed rights when the court is asked to determine the legal significance of past events).

Deutsche Bank's claims for declaratory judgment are not contingent on facts that might be developed in the course of a future foreclosure proceeding or a possessory action.  Instead, Deutsche Bank relies on existing documents and past events to allege that Pike is not entitled to a homestead exemption. Specifically, Deutsche Bank alleges that Pike released her homestead exemption by transferring the property to William in February of 2007, that the exemption was extinguished by the divorce decree in July of 2013 while the property was owned by William, and that Pike waived or subordinated her exemption under the terms of the divorce decree.  Alternatively, Deutsche Bank claims that it is entitled, by equitable subrogation, to the protection of the homestead exemption waiver in the First Mortgage.  As such, the claims are real and substantial, not hypothetical.  See MedImmune, 549 U.S. at 127.

Further, Deutsche Bank argues that a declaratory judgment on the issue of the homestead exemption addresses its risk of loss in a foreclosure action.  In particular, a judgment denying the claims would allow Deutsche Bank to avoid the expense of a

foreclosure proceeding and a possessory action if its recovery would be significantly reduced by the homestead exemption.

In sum, the circumstances presented here show that a live case or controversy exists about whether Pike is entitled to a homestead exemption. A declaratory judgment on the claims Deutsche Bank presents would provide specific relief, not an advisory opinion based on hypothetical facts. Deutsche Bank has standing to pursue its declaratory judgment action. Therefore, the court is satisfied that jurisdiction exists to hear the declaratory judgment claims in this case.

C.   Declaratory Judgment Act

Although not raised by the parties, the Declaratory Judgment Act only "confers a discretion on the courts rather than an absolute right upon the litigant" to have claims decided. Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995); accord MedImmune, 549 U.S. at 136. For that reason, even when subject matter jurisdiction exists, a court may decline to enter a declaratory judgment if it determines "that a declaratory judgment will serve no useful purpose," meaning that "considerations of practicality and wise judicial administration" counsel against adjudicating the claims. Id. at 288; see also Denovellis v. Shalala, 124 F.3d 298, 314 (1st Cir. 1997) (concluding that declaratory judgment claim to address

employer's discriminatory intent with no opportunity for relief would be "a fruitless endeavor").  A declaratory judgment is appropriate, however, when the judgment would relieve the parties of uncertainty as to their legal rights.  See, e.g., Sophos, Inc. v. RPost Holdings, Inc., 2014 WL 7409588, at *2 (D. Mass. Dec. 30, 2014) (deciding to hear declaratory judgment action to "relieve [plaintiff] of uncertainty as to any infringement of the Defendants' patents").

In this case, no parallel state court proceeding is pending and the case was not removed from state court.  In the absence of a competing state forum or proceeding, issues that often inform the decision of whether to exercise discretion to hear a declaratory judgment action do not pertain here.  Cf. Kiely v. Canty, --- F. Supp. 3d ---, 2015 WL 1959198, at *4 (D. Mass. Apr. 30, 2015) (listing factors to consider when case was removed or state court proceeding is pending); Seaton Ins. Co. v. Clearwater Ins. Co., 736 F. Supp. 2d 472, 474-75 (D.R.I. 2010).

Although Deutsche Bank's requests for a declaratory judgment are based on state law, in the absence of a parallel state proceeding, considerations of practicality and wise judicial administration do not necessarily weigh in favor of dismissing the declaratory judgment action.  Pike has not argued

that the court should decline to exercise its discretion in this case.  Further, as is noted above, a declaratory judgment on the issues raised by Deutsche Bank will serve a useful purpose by establishing whether Pike is entitled to a homestead exemption.

Therefore, the court, in its discretion, will not dismiss the case.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 9) is denied.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph DiClerico, Jr.
United States District Judge

October 13, 2015

cc:  Michael P. Robinson, Esq.
     Stephen T. Martin, Esq.