UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Deutsche Bank National
Trust Company, as Trustee
for FFMLT Trust 2005-FF2,
Mortgage Pass-Through
Certificates, Series 2005-FF2

   v.                                      Case No. 15-cv-304-JD

Jennifer L. Pike


O R D E R

Based on the pretrial briefing, the court concluded that Deutsche Bank's claim seeking a declaratory judgment based on equitable subrogation lacked merit.  See Order, June 12, 2017, doc. no. 71.  Deutsche Bank has moved for reconsideration of that decision.  Jennifer Pike objects.


Discussion

In Count II, Deutsche Bank sought a declaratory judgment that it was entitled to avoid Pike's homestead right under RSA 480:1 through equitable subrogation to a prior mortgage.  The court previously held that Deutsche Bank had not shown fraud or misconduct to support the application of equity in this case.

Deutsche Bank argues in support of reconsideration that the court erred by considering fraud as an element of equitable subrogation and that Pike waived her argument of a fraud requirement.

A. <u>Equitable Power of the Court to Grant a Remedy</u>

Equity may require a court to impose an exception to statutory requirements in order to correct an inequity or to prevent fraud. <u>Riverwood Commercial Props., Inc. v. Cole</u>, 134 N.H. 487, 492-93 (1991). Under <u>Chase v. Ameriquest Mortg. Co.</u>, 155 N.H. 19, 26 (2007), and <u>Deyeso v. Cavadi</u>, 165 N.H. 76, 80 (2013), a court lacks the equitable power to set aside a party's homestead right under RSA 480:1 absent fraud or egregious conduct.[1] As such, fraud is not an element of equitable subrogation but instead is a prerequisite to the court's equitable power to use equitable subrogation to set aside a party's valid homestead right.

---

[1] Deutsche Bank suggests that the New Hampshire Supreme Court's interpretation of <u>Chase</u> in <u>Deyeso</u> was incorrect. While sitting in diversity, this court is bound to follow New Hampshire law. For that reason, this court lacks authority to change New Hampshire law that has been determined by the New Hampshire Supreme Court.

2

In the absence of any ground to support the exercise of the court's equitable powers on behalf of Deutsche Bank, the court lacks authority to grant the relief Deutsche Bank seeks.[2] Deutsche Bank argues, nevertheless, that the court has the authority to impose equitable subrogation in its favor because Pike invoked equity by bringing a counterclaim to quiet title pursuant to RSA 498:5-a.  Whether or not Pike invoked the court's equitable power to consider her quiet title claim, Deutsche Bank has not shown fraud or egregious conduct to support the court's use of its equitable power to set aside Pike's statutory homestead right by imposing equitable subrogation on Deutsche Bank's behalf.

Therefore, the court lacks authority to grant the relief Deutsche Bank seeks.  Count II was properly dismissed based on New Hampshire law.

---

[2] While RSA 498:1 confers equitable jurisdiction on New Hampshire superior courts, it does not apply to this court's jurisdiction in this case, which is based on the diverse citizenship of the parties and includes the court's inherent authority to grant equitable remedies under state law.  See 28 U.S.C. § 1332(a); Guaranty Tr. Co. of N.Y. v. York, 326 U.S. 99, 105-8 (1945); In re Volkswagen & Audi Warranty Extension Litig., 692 F.3d 4, 16-17 (1st Cir. 2012); Friends for All Children, Inc. v. Lockheed Aircraft Corp., 746 F.2d 816, 828 n.18 (D.C. Cir. 1984); Overstreet v. CitiMortgage, Inc., 2012 WL 12965962, at *2 (M.D. Ga. Nov. 19, 2012).

II. <u>Waiver</u>

Deutsche Bank also contends that the court should not have considered fraud as an element of equitable subrogation because Pike waived the issue by not raising it as a defense in her answer, in her motion for summary judgment, or in her opposition to Deutsche Bank's motion for summary judgment. As is explained above, fraud is not an element of equitable subrogation but instead is a prerequisite under <u>Chase</u> and <u>Deyeso</u> for the court to exercise its equitable power to set aside a party's statutory homestead right. Pike did not argue that fraud is an element of equitable subrogation.

The cases Deutsche Bank cites to support waiver do not address the situation here where an issue was raised in briefing before a bench trial. Further, even if a waiver doctrine did apply in the context of a bench trial, it does not apply the court's authority to grant the relief requested. Therefore, Pike did not waive the issue of fraud or egregious conduct as a prerequisite for the court's authority to grant equitable subrogation in this case.

4

III.  Sua Sponte Dismissal

In a footnote, Deutsche Bank argues that the court improperly dismissed Count II sua sponte.  Deutsche Bank is mistaken.  As Deutsche Bank is fully aware, the case was thoroughly briefed before the scheduled bench trial with final pretrial statements, motions in limine, requests for findings of fact and rulings of law, responses and objections to the filings and motions, and trial briefs and responses to the trial briefs.

Pike raised the requirement of fraud or egregious conduct as a prerequisite for equitable subrogation in her trial brief.  Doc. no. 50.  Deutsche Bank filed a separate trial brief on its request for equitable subrogation in which it acknowledged the fraud prerequisite for the court's equitable powers.  Doc. no. 56.  There, Deutsche Bank noted that the New Hampshire Supreme Court held in Chase "that in cases concerning asserted fraud and mortgage foreclosure (such as this case), a trial court's equitable powers are broad" and "the plaintiff [in Chase] had invoked the trial court's equitable powers because the action dealt with (1) fraud and (2) mortgage foreclosure."  Doc. no. 56 at 1 & 5.

Pike filed a response to Deutsche Bank's trial brief on

5

equitable subrogation in which she argued, among other things, that Deutsche Bank could not show fraud as required under Chase and Deyeso to support the equitable subrogation remedy. Doc. no. 64. Deutsche Bank filed an objection to Pike's trial brief, arguing that Pike's interpretation of Deyeso was wrong and that other circumstances supported equitable relief. Doc. no. 68.

In its requests for findings of fact and rulings of law, Deutsche Bank cited both Chase and Deyeso, quoting the language from Deyeso that interpreted Chase as "invok[ing] equitable principles to reach beyond the literal language of the homestead exceptions because there had been 'fraud and egregious conduct' in obtaining the funds used to refinance the homestead." Doc. 58, ¶ 18. Pike filed an objection to Deutsche Bank's requests for findings of fact and rulings of law in which she reiterated the requirement of fraud for invoking equitable subrogation, citing the same language from Deyeso that Deutsche Bank included in its requests. Doc. no. 62. In response, Deutsche Bank argued that the asserted forgery in the first mortgage would satisfy the fraud requirement in Deyeso. Doc. no. 66, ¶ 65. Deutsche Bank also asserted that other circumstances would justify equitable subrogation. Id.

equitable subrogation in which she argued, among other things, that Deutsche Bank could not show fraud as required under Chase and Deyeso to support the equitable subrogation remedy. Doc. no. 64. Deutsche Bank filed an objection to Pike's trial brief, arguing that Pike's interpretation of Deyeso was wrong and that other circumstances supported equitable relief. Doc. no. 68.

In its requests for findings of fact and rulings of law, Deutsche Bank cited both Chase and Deyeso, quoting the language from Deyeso that interpreted Chase as "invok[ing] equitable principles to reach beyond the literal language of the homestead exceptions because there had been 'fraud and egregious conduct' in obtaining the funds used to refinance the homestead." Doc. 58, ¶ 18. Pike filed an objection to Deutsche Bank's requests for findings of fact and rulings of law in which she reiterated the requirement of fraud for invoking equitable subrogation, citing the same language from Deyeso that Deutsche Bank included in its requests. Doc. no. 62. In response, Deutsche Bank argued that the asserted forgery in the first mortgage would satisfy the fraud requirement in Deyeso. Doc. no. 66, ¶ 65. Deutsche Bank also asserted that other circumstances would justify equitable subrogation. Id.

In light of that extensive briefing on Deutsche Bank's equitable subrogation claim which preceded a scheduled bench trial, the court concluded that Count II could be decided based on the briefing.  As such, Count II was not decided sua sponte, as Deutsche Bank claims, but instead was decided based on the parties' pretrial briefs and requests for findings and rulings.  The issue was thoroughly joined by the parties and ripe for decision by the court.  Deutsche Bank has identified no factual issue that could or should have been decided following a bench trial.

Further, the matter was discussed at the final pretrial conference held on June 14, 2017.  The bench trial was cancelled because there were no factual issues remaining to be decided.  Deutsche Bank was given an opportunity to move for reconsideration of the order dismissing Count II, which Deutsche Bank has done.  Under these circumstances, Deutsche Bank had ample notice of the need for fraud or egregious conduct to support the court's authority to grant equitable subrogation, thoroughly addressed and briefed the issue, and then was given additional opportunity for briefing.  Deutsche Bank's argument to the contrary in its footnote is not supported by the record

7

in this case.

## Conclusion

For the foregoing reasons, Deutsche Bank's motion for reconsideration (document no. 75) is denied.

Pike shall file her brief on the effect of the divorce on her homestead interest **on or before July 13, 2017**. Deutsche Bank shall file its response **on or before July 20, 2017**.

SO ORDERED.

                                                   /s/ Joseph A. DiClerico, Jr.
                                                  Joseph A. DiClerico, Jr.
                                                  United States District Judge

July 6, 2017

cc:  Kevin P. Polansky, Esq.
     Stephen T. Martin, Esq.