UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Deutsche Bank National
Trust Company, Trustee

   v.                                  Civil No. 15-cv-304-JD
                                     Opinion No. 2017 DNH 180
Jennifer L. Pike


O R D E R

Jennifer Pike moves for an award of attorney's fees and costs under Federal Rule of Civil Procedure 54(d). Pike seeks a total of $89.66 in costs and $24,988.75 in fees. Deutsche Bank objects to Pike's request for attorney's fees.

Deutsche Bank filed a notice of appeal on August 10, 2017, after judgment was entered but before Pike filed her motion for fees and costs. Generally, "the entry of a notice of appeal divests the district court of jurisdiction to adjudicate any matters related to [the] appeal." United States v. Martin, 520 F.3d 87, 97 (1st Cir. 2008) (internal quotation marks omitted). The issue of costs and attorney's fees, however, is not related to the appeal and may be decided despite the notice of appeal. United States v. Hurley, 63 F.3d 1, 23 (1st Cir. 1995).

## Background

William and Jennifer Pike were married in 2000. William bought property at 34 Dogwood Lane, New London, New Hampshire,

in 2001.  In 2003, William obtained a loan from New Century Mortgage Corporation that was secured by a mortgage on the New London property.  Although Jennifer's signature appears on the mortgage document, she asserts that she did not know about the loan or the mortgage and did not sign the mortgage.

In 2004, William obtained a second mortgage loan, secured by the New London property, from First Franklin Financial Corporation.  Jennifer did not sign the note or the mortgage. The First Franklin mortgage was transferred by assignment to Deutsche Bank on May 26, 2009.

The Pikes were divorced on July 3, 2013.  Under the terms of the divorce decree, Jennifer was awarded the property with certain other conditions.  William transferred the property to Jennifer by deed on July 26, 2013.  Jennifer continues to live at the property.  As has been decided in this case, Deutsche Bank's mortgage is subject to Jennifer's homestead interest in the property.

## Discussion

Pike seeks an award of costs and attorney's fees.  In support of her request for attorney's fees, Pike relies on RSA 361-C:2.  Deutsche Bank does not object to Pike's request for costs but contends that neither the attorney's fees provision in the mortgage nor RSA 361-C:2 apply in this case.

A.  Costs

Rule 54(d)(1) provides that unless federal law or a court order states otherwise, a prevailing party is entitled to her costs other than attorney's fees.  Deutsche Bank does not dispute that Pike is entitled to $89.66 in costs as she requests.

B.  Attorney's Fees

Pike also asserts that she is entitled to an award of attorney's fees under RSA 361-C:2.  RSA 361-C:2 provides for an award of attorney's fees in an action, suit, or proceeding to a "buyer, borrower or debtor" who prevails in a suit against a "seller, lender or creditor" if the "retail installment contract or evidence of indebtedness" requires the "buyer, borrower or debtor" to pay the attorney's fees of the "seller, lender or creditor" under the same circumstances.  In other words, RSA 361-C:2 makes a mortgage provision in favor of the mortgagee, the bank or lender, reciprocal for the mortgagor, the borrower or debtor.  Therefore, application of the statute is limited to cases in which a buyer, borrower, or debtor prevails against a seller, lender, or creditor in a suit brought under a retail installment contract, such as a mortgage, or evidence of indebtedness, such as a loan note.

Pike contends that a provision in the First Franklin mortgage pertaining to attorney's fees, paragraph 25, triggers the application of RSA 361-C:2 to award her fees. Paragraph 25 provides as follows:

> 25. Attorney' Fees. Pursuant to New Hampshire Revised Statutes Annotated § 361-C:2, in the event that Borrower shall prevail in (a) any action, suit or proceeding, brought by Lender, or (b) an action brought by Borrower, reasonable attorneys' fees shall be awarded to Borrower. Further, if Borrower shall successfully assert a partial defense or set-off, recoupment or counterclaim to an action brought by Lender, a court may withhold from Lender the entire amount or such portion of its attorneys' fees as the court shall consider equitable.

First Franklin mortgage, doc. 1-3. Pike asserts that she is a borrower within the meaning of paragraph 25 and RSA 361-C:2 and that Deutsche Bank is the lender.

Deutsche Bank objects, arguing that because Pike is not a party to the mortgage, she is not the borrower for purposes of the mortgage or RSA 361-C:2. Deutsche Bank also contends that paragraph 25 does not apply here because the parties sought a determination of Pike's homestead interest in the property but did not bring claims under the mortgage or the note.

Paragraph 25 in the mortgage and RSA 361-C:2 provide for an award of fees to the borrower under the note and mortgage. Pike did not sign the note to First Franklin or the mortgage securing the note. As a result, Pike is not the borrower.

Pike argues that she is a debtor for purposes of RSA 361-C:2 because she owns the property and Deutsche Bank has tried to enforce the mortgage against her. She relies on the definition of debtor used for purposes of secured transactions in New Hampshire's Uniform Commercial Code, RSA 382-A:9-102(a)(28)(A).

Even if that definition would apply to RSA 361-C:2, contrary to Pike's representation, Deutsche Bank did not bring suit in this case for breach of the note or the mortgage. Pike does not dispute that she did not sign the mortgage or the note. Therefore, Pike is not entitled to an award of fees under paragraph 25 in the mortgage or under RSA 361-C:2.

## Conclusion

For the foregoing reasons, the defendant's motion for costs and fees (document no. 85) is granted as to an award of costs in the amount of $89.66 and is denied as to an award of attorney's fees.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
United States District Judge
Joseph DiClerico, Jr.

September 6, 2017
cc: Stephen T. Martin, Esq.
    Kevin P. Polansky, Esq.

5